## RIDDELL *et al. v.* ANIMAS TOLL ROAD CO.

*(Supreme Court of Colorado, April Term, 1880.)*

TOLL ROADS—RIGHT OF WAY—WHEN IT ATTACHES. The statute (Rev. Stat., 125) gives right of way between the specified termini, upon compliance with its provisions, which carries the right to locate the road on the general course designated in the articles of incorporation, and when so located, to maintain and operate the road on the line of location, subject to the conditions of condemnation, compensation, etc. But until the road is located, no right of way can be said to attach to any particular land. As long as the right to locate remains unexerted, the lands upon which the exercise of the right may ultimately cast the easement are uncertain.

DOES NOT RELATE BACK. The right of way attaches from the location, and does not relate back to the date of the filing of the articles of incorporation. Any other construction would charge the lands of settlers with a servitude which was not apparent. The doctrine of relation is sometimes resorted to, to prevent an injustice, but never to work one.

PARTIES IN POSSESSION, at the time of the location of the road, are entitled to recover, notwithstanding articles of incorporation had been previously filed by the company.

ELBERT, C. J.   This was an action brought by the appellant to recover damages against the defendant company for laying out and constructing its road over the land of the appellants.

Section 28 of the act concerning corporations (R. S., p 125) provides that "when any three or more persons shall associate to

form a company for the purpose of constructing a wagon road under the provisions of this article, their certificate of incorporation, in addition to the matters hereinbefore required to be stated therein, shall specify the termini of said road and the route of the same as near as may be, and the said company shall have the right of way over the line named in the certificate, to erect toll gates ," etc., etc.

Sec. 48 provides for the condemnation of lands necessary for the construction or maintainance of the road, and for compensation to the owners of lands taken or affected by the road.

The effect of these provisions is to give a road company the right to locate its road on the general course designated in the articles of incorporation, and when so located, to construct, maintain and operate the road on the line of location, subject to the conditions of condemnation, compensation and other requirements of the act.

Until the way is located, no right of way can be said to attach to any particular land. As long as the power to locate the road remains unexerted, the land upon which the exercise of the right may ultimately cast the easement are uncertain, and no given tract or parcel of land can be designated as charged with the easement.

It is claimed, however, that upon location of the road the right of the company, in respect to the right of way, relates back to the date of filing its articles of incorporation, and that settlers subsequent to that date, although prior to the location of the road, take their lands subject to the company's right of way.

We find nothing in the language of the act that indicates such an intention upon the part of the Legislature, nor anything in the object and purposes of the act that demands such a construction as necessary to either its beneficial or just operation.

On the other hand, such a construction would charge the lands of a settler on the general line of the road with a servitude which was not apparent, and of which the general designation of the line in the articles of incorporation gave him no definite notice. The doctrine of relation is sometimes resorted to to prevent an injustice, but never to work one. The statute contemplates and provides for compensation for injury done to lands over which it is constructed, when such lands are occupied and claimed un-

der our laws. Such compensation is not to be defeated in any case where a fair construction of the law admits of it.

The appellants being in possession, and having on the 24th of August, 1876, and prior to the location of the road, filed with the clerk and recorder of San Juan county their declaration under the law (Gen. Laws, chapter 83)designating and claiming by metes and bounds the lands the subject of the trespass complained of, they were ·entitled to recover, notwithstanding the articles of incorporation of the defendant company were filed prior to the filing of the declaratory statement of the appellants.

The court in effect instructed the jury that if the articles of incorporation of the defendant company were filed prior to the declaratory statement of the appellants, that the appellants could not recover. In this there was error, and the judgment of the court below is reversed and cause remanded. *Reversed.*